IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY LERL COLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-985-O-BN |
| | § | |
| GLORIA ANDREWS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Johnny Lerl Cole brings this *pro se* civil action alleging that his former fiancé, Gloria Andrews, falsely accused him of aggravated sexual assault and proceeded to destroy all of his property. On March 6, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Written interrogatories then were sent to Plaintiff in order to obtain additional information

about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on March 27, 2013. *See* Dkt. No. 7.

Plaintiff alleges that, on June 28, 2012, he engaged in consensual sex with Defendant. *See* Dkt. No. 3 at 4; Dkt. No. 7 at Question 1. Four days later, Defendant contacted the police and accused Plaintiff of sexual assault. *Id.* She then destroyed all of his property, including his clothes, educational, legal, and religious materials, and illegally forged his signature to misappropriate his SSI checks. *Id.* By this lawsuit, Plaintiff seeks an order compelling Defendant to recant her "false accusation" and dismiss her complaint of aggravated sexual assault, expunction of the accusation under the Texas Code of Criminal Procedure, monetary damages, and turnover of Defendant's home. *See* Dkt. No. 3 at 4; Dkt. No. 7 at Question 2.

The undersigned now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed. Plaintiff alleges that Defendant violated his Eighth and Fourteenth Amendment rights by falsely

accusing him of sexual assault. *See* Dkt. No. 7 at Question 4. In order to state a claim under Section 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by one acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Initially, Plaintiff cannot recover damages under Section 1983 against a private individual, because that statute affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *See Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th Cir. 1984). "A private individual complainant in a criminal prosecution does not act under color of law." *Pleasant v. Caraway,* No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (citing *Grow v. Fisher,* 523 F.2d 875, 879 (7th Cir. 1975)). Nor does the fact that statements by Defendant were relied upon to arrest and charge the Plaintiff with a crime make her a state actor. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor") (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982)). Plaintiff's complaint and interrogatory responses establish that Defendant did not act under color of state law, and Plaintiff does not seek to name any other defendants. *See* Dkt. No. 7 at Question 3.

To the extent that Plaintiff's complaint could be construed as asserting a civil claim sounding in state law, such as conversion, defamation, or intentional infliction

of emotional distress, he has failed to establish federal jurisdiction over such claims. The party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper, *see Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," FED. R. CIV. P. 12(h)(3). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only where diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332. Plaintiff has not alleged or established complete diversity of citizenship with Defendant. *See* 28 U.S.C. § 1332(a); *see also* Dkt. No. 7 at Question 1(d). In fact, he identifies Defendant as living at a house in Dallas, Texas – of which he apparently seeks possession through a court order. *See* Dkt. No. 7 at Questions 1(d) & 2(B).

Finally, to the extent that Plaintiff seeks a remedy for violation of the Texas Penal Code or expungement of his arrest under the Texas Code of Criminal Procedure, he has failed to state a claim for relief. There is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes, *see Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see also Williams v. Cintas Corp.*, No. 3:07-cv-561-M, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007) ("federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."), *rec. adopted,* 2007 WL 1300780 (N.D. Tex. May 2, 2007). Because Plaintiff admits that aggravated sexual assault charges are still pending against him, *see* Dkt. No. 7 at Questions 5 & 6, he is not eligible for expunction under

the plain language of the Texas Code – even if Plaintiff could establish a "special circumstance" providing the Court with authority to order expungement. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2011); *see also Lewis v. City of Waxahachie*, No. 3:10-cv-2578-N-BH, 2011 WL 7070991, at *2 & n.3 (N.D. Tex. Dec. 21, 2011) ("Even if Plaintiff's request for expungement [is] not barred by *Heck*, expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right. Even if available in a § 1983 action, however, lower federal courts may not order the expungement of state convictions or public records absent some 'special circumstance.' Plaintiff has alleged no special circumstance that would warrant expungement of her state records." (citations omitted)), *rec. adopted*, 2012 WL 176681 (N.D. Tex. Jan. 20, 2012), *appeal dism'd*, 2012 WL 6588888 (5th Cir. Dec. 18, 2012).

Accordingly, Plaintiff's claims should be summarily dismissed.

**Recommendation**

Plaintiff's complaint should be summarily dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 29, 2013

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE